SATTERFIELD, sheriff, *vs.* BOYD, assignee.

The transferee of an execution, in a contest between it and other executions against the same defendant, is only entitled to enforce it for the amount due on it and for which it is transferred to him. The defendant in execution has no authority in law to transfer it, nor can an agreement between him and the party to whom transfer has been made by the plaintiff therein, that such transferee may enforce it for a greater sum than remained due on it, be held binding on third parties.

(*a*) It can make no difference that such an agreement is attested by the attorney for the plaintiff in execution.

May 7, 1888.

Executions.   Transfer.   Before Judge WELLBORN. Lumpkin superior court.   October term, 1888.

Reported in the decision.

PRICE & CHARTERS, for plaintiff in error.

WEIR BOYD and M. G. BOYD, *contra*.

SIMMONS, Justice.

It appears from the record that W. F. Sears, guardian, etc., on the 26th of October, 1883, obtained a judgment against John A. Parker, executor, etc., for the sum of $2,517.25 principal, and $60 interest, and $22.50 costs. There were sundry and divers credits upon the execution.

On February 2d, 1886, the plaintiff's attorneys receipted on the *fi. fa.* to the defendant for $1,264.70, in full of the balance, principal and interest, on this *fi. fa.* Sometime in April, after this receipt was signed in February, it was discovered that $109.44 was still due on the *fi. fa.* Whereupon the defendant in *fi. fa.* gave his note, with Weir Boyd as security, for the balance due on the *fi. fa.*, to wit, $109.44, and the execution for that amount was transferred by the plaintiff's attorneys to Weir Boyd. At the October term, 1887, by an order of the court this mistake was corrected, and it was ordered that instead of being a full and final discharge of the execution, the receipt should be a full discharge, except as to the amount of $109.44. It further appears from the record that at the time the receipt was given, on the 2d of February, for the payment of the execution in full, the defendant in *fi. fa.* gave two promissory notes for $100 each to the plaintiff's attorneys, with Weir Body as security, which notes are included in the $1,264.70 mentioned in that receipt. On the same day that this execution was transferred to Boyd by the plaintiff's attorneys, he entered into a written agreement with the defendant in *fi. fa.*, whereby Parker, the defendant in *fi. fa.*, consented and agreed that Boyd might enforce the execution against him by levy and sale to the extent of $309.44, the consideration of the agreement being the signing by Boyd, as security, of the two promissory notes for $100 each, and the promissory note for $109.44, the last being the amount of the mistake in the final receipt of February 2d, 1886. This agreement was attested by one of Sears' attorneys. Prior to this agreement made between Parker, the defendant in *fi. fa.*, and Boyd, Hall and Head purchased other judgments and executions against Parker younger than the judgment and execution of Sears against Parker. The

sheriff, after the judgment was reopened, and at the same term of the court, had on hand funds which he had raised from the sale of certain property of Parker. Boyd claimed that he was entitled to this fund on account of the transfer of Sears' execution to him, and the agreement made by Parker, the defendant in *fi. fa.* Hall and Heard contested this, and insisted that they were entitled to it under other judgments and executions. A rule was brought by Boyd against the sheriff, and submitted to the court without the intervention of a jury. The court decided that Boyd was entitled to be paid the entire amount claimed by him before Hall and Head could share in the fund in the sheriff's hands. To this judgment of the court, the sheriff and Hall and Head excepted, and assigned the same as error.

We think the court erred in awarding the full amount to Boyd, under the Sears *fi. fa.* It appears from the record that the Sears *fi. fa.* was fully paid off and discharged by the receipt signed by the plaintiff's attorneys, February 2d, 1886, with the exception of $109.44, the amount of the mistake made by the parties in the calculation. It was therefore only binding on the defendant in *fi. fa.* to this amount. Boyd had stood Parker's security on the two $100 notes at the date this receipt was entered on the *fi. fa.* He took no transfer then, nor was the subject mentioned between him and the plaintiff's attorneys at that time. He seemed to trust to the good faith and solvency of Parker for the payment of the two $100 promissory notes. It was not until after the mistake of $109.44 was discovered, and when Boyd stood Parker's security on this last amount, that the transfer of Sears' execution was made to Boyd; and it was only made then to the amount of the mistake, $109.44. This was the amount for which the execution was transferred to him, and this the record

shows was the only amount due on the execution. When the court ordered the final receipt to be corrected, it was corrected only as to the amount of $109.44. We think, therefore, that this was the only amount that Boyd was entitled to out of the funds in the sheriff's hands. The agreement made between Parker, the defendant in *fi. fa.*, and Boyd, that Boyd might enforce this execution against Parker, not only for the $109.44 but for the $200, was void so far as other judgment creditors of Parker were concerned. The plaintiffs had not transferred the execution to Boyd for this amount, and the defendant had no authority in law to do so. Nor did the fact that the attorney for Sears attested the agreement between Boyd and Parker give validity to that agreement, nor make it a transfer of the execution. We hold, therefore, that Boyd was only entitled to be paid the $109.44 and interest thereon out of the funds in the hands of the sheriff, and that the balance of the fund should be paid over to the other *fi. fas.* in the sheriff's hands.

Judgment reversed.